## HOSKINS *v.* FOGG.

A contract to pay an agent a certain sum for selling a farm, and half the sum if the owner sells it outside the agent's influence, is upon a good consideration, and the agent, if prevented from making a sale by the owner's selling it outside his influence, can recover upon the contract the half sum agreed to be paid.

In assumpsit for labor and services, the plaintiff cannot recover upon a written contract to sell the defendant's farm, but may recover the value of such services as were rendered in attempting to find a purchaser.

The declaration in general assumpsit for labor and services may be amended by adding a count in special assumpsit upon a written contract.

ASSUMPSIT, for labor and services. At the trial before a referee, subject to the defendant's exception, the plaintiff put in evidence a writing containing the plaintiff's name, residence, occupation as real estate agent, a description of the farm and buildings with price, and this agreement:

"Enfield, N. H., Nov. 20, 1876.

"If you procure a purchaser for the property described above, I will pay you, or to your order, 150 dollars; If I sell it outside your influence, I will pay you one half that sum; if I withdraw the property before the sale is consummated, I will pay you whatever you have paid out for advertising. I further agree that no other party shall have the selling of the same. You are to have this place in your hands for sale one year from date above.

(Signed) Joseph Fogg."

The plaintiff did not procure a purchaser for the farm, but performed services looking to a sale, and while he was seeking a purchaser the defendant sold the farm outside the plaintiff's influence. The referee found the plaintiff entitled to recover $75 upon the

contract, or $10 as the value of his services, or nothing, according as the court might decide his right. The plaintiff moved for leave to amend his declaration by adding a count upon the written contract, if necessary.

*Shirley* and *Cotton*, for the plaintiff.

*Pike & Parsons*, for the defendant.

ALLEN, J. The referee has found that while the plaintiff was performing his part of the contract by looking for a purchaser, the defendant made a sale of his farm "outside the plaintiff's influence." The plaintiff performed his part of the contract, so far as he was not prevented by the action of the defendant. The defendant made his stipulations, accepted performance, and refused to perform on his part, claiming that the agreement was unconscionable, without consideration, and void. He agreed to pay the plaintiff $150 for procuring a purchaser of his farm, and if he should not procure one and the defendant should, outside the plaintiff's influence, he would pay one half that sum. There was nothing unreasonable or unconscionable in the promise to pay $150 for services in procuring a purchaser for the farm. The agreement to pay one half that sum if the defendant sold his farm himself, was not an independent stipulation promising to pay the plaintiff for what he was not to do, nor for what the defendant was to do and did do himself, but a provision for paying the plaintiff for such services as he might render in the performance of the contract, and for any damages suffered by reason of being prevented from completing the performance. It was liquidated damages, intended to include the value of any services that might be rendered by the plaintiff under the contract, his expenses, and the damage from the defendant's preventing a full performance by selling his farm himself.

The whole contract must be taken together, and may fairly be construed as a retainer by the defendant of the plaintiff's professional services and skill in a legitimate enterprise, the sum to be paid varying according to the contingencies named, and fixed by the agreement of the parties. Such an agreement was lawful, and on a good consideration. No complaint is made that the plaintiff did not faithfully perform his part of the agreement, so far as he was permitted by the action of the defendant; and the defendant having promised to pay on a lawful and sufficient consideration, the plaintiff is entitled to recover on the contract.

The declaration being on the general counts only, no recovery can be had on the special contract. If the plaintiff elects to amend the declaration by adding a count on the special contract, he will be entitled to judgment on the report for $75 and interest from the date of the writ. If no amendment is made, he will be entitled,

on the referee's finding, to judgment for $10 and interest from the same date.

*Judgment for the plaintiff.*

STANLEY, J., did not sit: the others concurred.    .